UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 1:07 CV 1119 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| ANDRE PERKINS, | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

On December 15, 19909, a federal grand jury returned a two-count superseding indictment against Petitioner Andre Perkins ("Perkins"). The superseding indictment charged Perkins with conspiracy to possess with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count 1); and attempting to possess with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) 841(b)(1)(A), and 846 (Count 2).

On November 22, 1999, the government filed a notice of enhancement pursuant to 21 U.S.C. §§ 851, alleging that Perkins had previously been convicted of a felony drug offense, i.e., trafficking in drugs, in violation of Ohio Revised Code §§ 2925.03, in the Cuyahoga County Court of Common Pleas. By this filing, pursuant to law, the government notified Perkins that upon a conviction, Perkins' statutory minimum sentence would be enhanced.

On March 20, 2000, Perkins entered a guilty plea to Count 1 of the superseding indictment,

conspiracy to possess conspiracy to possess with intent to distribute over 5 kilograms of cocaine. Thereafter, a presentence investigation report was prepared by the U.S. Probation Office. On June 28, 2000, Perkins was sentenced to 262 months incarceration, to be followed by 10 years supervised release.

On February 1, 2001, Perkins filed a notice of appeal. On April 11, 2001, the Sixth Circuit Court of Appeals granted Perkins' Motion to Dismiss the Appeal (Case No. 01-3210).

On June 28, 2001, Perkins filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §§ 2255, asserting that: (1) he was coerced into signing an illegal plea agreement; (2) use of his prior conviction was improper because those convictions were void as a matter of law; (3) in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)m, the government's failure to allege the exact amount of drugs in the superseding indictment constituted error and that inasmuch as he possessed "dummy" cocaine, he was charged with violating the wrong criminal statute; and (4) he received the ineffective assistance of counsel. On January 31, 2002, this court denied Perkins' motion on both independent substantive and procedural grounds (Case No.: 1:01CV1594).

On May 5, 2005, Perkins filed a motion pursuant to Civil Rule 60(b)(6), asserting that: (1) the court improperly aggregated the drug quantity to change his statutory sentencing range, and he did not admit to the quantity of drugs in question; and (2) his counsel was ineffective for failing to know that he had only agreed to purchase a smaller amount of drugs. On July 29, 2005, this court denied Perkins' motion, finding that the motion was a substantive challenge to the underlying sentence and should be treated as a successive habeas petition. Thereafter, Perkins filed a notice of appeal, which the Sixth Circuit construed as an application for a certificate of appealability. On June 1, 2006, the Sixth Circuit Court of Appeals denied the application (Case number 05-4012).

On January 10, 2006, Perkins filed a Motion to File a Successive Petition Under 28 U.S.C. § 2255, relying on United States v. Booker, 543 U.S. 220 (2005). On August 1, 2006, the Sixth Circuit Court of Appeals denied the motion (Case number 06-3031).

On April 17, 2007, Perkins filed the within Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. In his motion, Perkins again argues that he received the ineffective assistance of counsel due to his counsel's failure to investigate the government's compliance with the mandates of § 851. (Perkins Br. at 1-2).

Title 28, Section 2255, United States Code, places restrictions on the ability of federal prisoners to file successive § 2255 applications. Effective April 26, 1996, a prisoner seeking to file a second or successive § 2255 petition must first file with the court of appeals a motion for an order authorizing the district court to consider the second or successive motion.

Title 28, Section 2255, provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Title 28, Section 2244, United States Code, provides in relevant part, as follows;

> > (b)(1) A claim presneted in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed.

3

> > (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless -
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection . . . .
>
> (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

28 U.S.C. § 2244.

The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without . . . authorization from this court, the district

4

court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *In re Hanserd*, 123 F.3d 922, 934 (6th Cir. 1997).

For the foregoing reasons, the court hereby transfers the within Petition for relief to the U.S. Sixth Circuit Court of Appeals.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

July 31, 2007